UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

H-10- 494

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| HARRIS DEMPSEY BALLOW, | § | 18 U.S.C. § 1349 |
| | § | 18 U.S.C. § 1343 |
| Defendant. | § | |

### INDICTMENT

THE GRAND JURY CHARGES:

At all times material to this Indictment:

United States District Court
Southern District of Texas
FILED

JUL 1 5 2010

David J. Bradley, Clerk of Court

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

**A. INTRODUCTION**

1.  Defendant **HARRIS DEMPSEY BALLOW** was indicted in federal court Houston, Texas, in 2003 for fraud and money laundering. The charges centered on misrepresentations made in connection with the purchase and sale of stock.

2.  BALLOW pleaded guilty to one count of money laundering in 2003. He was released from custody upon a promise to appear for sentencing. In 2004, instead of appearing for sentencing, BALLOW fled the United States. Over the following years, BALLOW lived under various names in Mexico and elsewhere.

3.  During his time as a fugitive, BALLOW continued to be involved in the

1

public securities markets.

4. E-SOL International Corp. ("E-SOL") was a publicly traded Nevada corporation. E-SOL's shares were traded on the Over-the-Counter ("OTC") securities market under the symbol ESIT.

5. Medra Corp. ("Medra") was a publicly traded Delaware corporation. Medra's shares were traded on the OTC securities market under the symbol MDRA.

6. Aztec Technology Partners Inc. ("Aztec") was a publicly traded Delaware corporation. Aztec's shares were traded on the OTC securities market under the symbol AZTC.

7. Deep Earth Resources Inc. ("Deep Earth") was a publicly traded Texas corporation. Deep Earth's shares were traded on the OTC securities market under the symbol DPER.

8. In or about 2005, BALLOW, using the names John Gel and Melvyn John Gelsthorpe, acquired control over E-SOL. In the following years, BALLOW and others sold millions of shares of E-SOL stock to unsuspecting investors and also took money from people who thought they were buying land in a resort development near Cancun, Mexico.

9. In or about 2006, BALLOW acquired control over Medra. The company's name was later changed to Cabo Catoche Corp.

10. In or about 2008, BALLOW moved to Puerto Aventuras, Mexico, where

he lived in an expensive house facing the Caribbean sea under the name John Gel, Tom Brown or "Bubba", depending on whom he was talking to.

11. In or about 2009, BALLOW took control of Aztec and Deep Earth. Later, Aztec's name was changed to Ultimate Lifestyles Corporation (symbol UMLS) and Deep Earth's name was to be changed to Powerski Globalsurf Corporation.

12. In or about July, 2009, just days after convincing an investor to wire transfer $5 million to E-SOL, BALLOW disappeared from Puerto Aventuras.

13. In or about October, 2009, BALLOW reappeared in Puerto Vallarta, Mexico, where he lived in a luxurious golf resort under the name Martin Twengly (sometimes written Twynley and other times Twinley) until he was arrested by Mexican federal police on July 13, 2010, and placed in a prison cell in Mexico City to await extradition to the United States.

## B. THE CONSPIRACY

14. From in or about 2004, through July 13, 2010, in the Southern District of Texas and elsewhere, the defendant,

**HARRIS DEMPSEY BALLOW,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, that is: to devise and intend to devise a scheme and artifice to defraud, and to obtain money

and property by means of materially false and fraudulent pretenses, representations and promises, knowing that they were false and fraudulent when made, and transmitting and causing to be transmitted certain wire communications in interstate and foreign commerce, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

### C. PURPOSE OF THE CONSPIRACY

15. It was a purpose of the conspiracy that the defendant and co-conspirators would enrich themselves through sale of stock in public corporations controlled by BALLOW.

### D. MANNER AND MEANS OF THE CONSPIRACY

16. The defendant and co-conspirators sought to accomplish the purpose of the conspiracy by the following manner and means, among other things:

a. The defendant and co-conspirators sold shares of stock in public companies to unsuspecting investors in return for money and real estate;

b. The defendant and co-conspirators hid from investors the true identity of the person who controlled the companies, i.e., BALLOW, his use of multiple names, his past convictions for fraud and money laundering and his status as fugitive from justice in the United States;

c. The defendant and co-conspirators disseminated, and caused to be disseminated, false and misleading information in an effort to increase and maintain

the value of the stock; and

d.    The defendant and co-conspirators failed to fulfill agreements to remove restrictions that prevented the investors from selling the stock.

### E.   OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose thereof, the defendant and his co-conspirators, in the Southern District of Texas and elsewhere, committed and caused to be committed at least one of the following overt acts, among others:

17.   In or about 2005, defendant BALLOW acquired a British passport (number 035366770) in the name of Melvyn John Gelsthorpe.

18.   On or about July 27, 2005, defendant BALLOW helped to incorporate a company in the Commonwealth of Dominica called Abretch Elite Corp. ("Abretch").

19.   On or about June 29, 2006, defendant BALLOW, as Gelsthorpe, directed a stock transfer agent to ship an E-SOL stock certificate issued in Gelsthorpe's name to an address in Cancun, Mexico.

20.   On or about September 1, 2006, defendant BALLOW gave instructions for shares of Medra stock to be issued to Abretch.

21.   On or about August 27, 2008, defendant BALLOW, as Gel, began making arrangements to purchase a majority of the stock of Aztec.

22. On or about December 18, 2008, defendant BALLOW, as Gel, caused a stock transfer agent to ship an E-SOL stock certificate to an address in Houston, Texas.

23. On or about August 19, 2009, defendant BALLOW, as Gel, began making arrangements to purchase a majority of the stock of Deep Earth.

24. On or about May 5, 2010, defendant BALLOW, as Twinley, sent an email about arrangements to purchase a hotel in Puerto Vallarta in return for Aztec/Ultimate Lifestyles stock.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO
(Wire Fraud)

### A. INTRODUCTION

1. Paragraphs 1 through 13 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

### B. THE SCHEME TO DEFRAUD

2. From in or about 2004 through July 13, 2010, in the Southern District of Texas and elsewhere, the defendant,

**HARRIS DEMPSEY BALLOW,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations and

6

promises.

## C. THE MANNER AND MEANS OF THE SCHEME

3. Paragraph 16 of Count One of this Indictment is re-alleged and incorporated by reference herein as a description of the scheme and artifice.

## D. THE EXECUTION OF THE SCHEME

4. On or about the date specified below, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

| Count | Date | Description |
|-------|------|-------------|
| 2 | 7/17/09 | $5,000,000 wire transferred from Fidelity Investments in The Woodlands, Texas, in the Southern District of Texas, to Wells Fargo Bank N.A. in Reno, Nevada |

In violation of Title 18, United States Code, Sections 1343 and 2.

## A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

.Y

José Angel Moreno
United States Attorney

By: *[signature]*
JOHN R. LEWIS
Assistant United States Attorney